IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE ESTATE OF LYLE ELLIOTT, by and through its Special Administrator, MARY ELLIOTT, and MARY ELLIOTT, TIA COLLINS, LARA ELLIOTT, TAMIKA ELLIOTT, and KADEN ELLIOTT, heirs at law of Lyle Elliott,<br><br>    Plaintiffs,<br><br> vs.<br><br>THAYER COUNTY MEMORIAL HOSPITAL, now known as THAYER HEALTH SERVICES, and TIMOTHY J. SULLIVAN, M.D.,<br><br>    Defendants. | 4:06CV3202<br><br>**MEMORANDUM AND ORDER** |

 The defendants have moved to dismiss the plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). I will grant the motion on the basis of claim preclusion and will enter judgment dismissing the plaintiffs' action with prejudice.

 On October 1, 2004, an action was filed in this court by the Estate of Lyle Elliott, by and through its Special Administrator, Mary Elliott, and Mary Elliott, Tia Collins, Larz (sic) Elliott, Tamika Elliott and Kaden Elliott, heirs at law of Lyle Elliott, against Timothy J. Sullivan, M.D. See Case No. 4:04CV3343. I was the presiding judge. On May 5, 2005, I entered judgment dismissing the case with prejudice after finding it was undisputed that the defendant, Dr. Sullivan, had acted as an employee of Thayer County Health Services, a political subdivision, and that the plaintiffs had failed to comply with the notice provisions of Nebraska's Political Subdivisions Tort Claims Act before filing suit.

Almost a year later, on May 2, 2006, the plaintiffs' current attorney, Terrence J. Salerno, filed a motion for relief from the judgment in Case No. 4:04CV3342, asserting that the plaintiffs' former attorney had neglected to argue that a tolling provision would allow the decedent's minor children additional time to file claims under the Political Subdivisions Tort Claims Act. I denied the plaintiffs' motion on July 6, 2006, ruling that their attorney's alleged incompetence did not constitute excusable neglect under Federal Rule of Civil Procedure 60(b)(1).

The present action was filed the following month, on August 25, 2006, and, by the luck of the draw, was assigned to me.[1] The only discernible difference between this action and the previously dismissed action is that Dr. Sullivan's employer has been added as a party defendant. Although the specifications of alleged negligence are somewhat different, and while it is now alleged that a claim was filed under the Political Subdivisions Tort Claims Act in February 2006, both cases are medical malpractice actions that concern the treatment of Lyle Elliott, who died of cardiac arrest on November 5, 2002, three days after being examined by Dr. Sullivan at Thayer County Health Services.

The defendants argue that the plaintiffs' claims are barred under Nebraska law because (1) only a personal representative has standing to bring a wrongful death action, so the claim-filing period under the Political Subdivisions Tort Claims Act was not tolled by the minority status of individual plaintiffs, and (2) the doctrine of res judicata applies. I need only address the second contention.

---

[1] Ignoring our local rules, Mr. Salerno did not indicate on the civil cover sheet (filing 2) that the case was related to Case No. 4:04CV3343, which would have caused the case to be assigned to me automatically. See NEGenR 1.4(a)(4). While an attorney's failure to notify the court of a related case may result in the imposition of sanctions, see id., I will assume in this instance that the failure was inadvertent and harmless.

"Although the majority of circuits have held that the res judicata effect of a federal court judgment in a diversity action is a matter of federal law, 'cases from this circuit have consistently concluded that [the res judicata or] collateral estoppel [effect of a prior judgment] in a diversity action is a question of substantive law controlled by state common law.'" Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997) (quoting Austin v. Super Valu Stores, Inc., 31 F.3d 615, 617 (8th Cir. 1994)). Under Nebraska law, "[t]he doctrine of res judicata, or claim preclusion, bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions." Eicher v. Mid America Financial Inv. Corp., 702 N.W.2d 792, 809 (Neb. 2005). Each of these elements is clearly satisfied in this case.

Accordingly,

IT IS ORDERED that Defendants' motion to dismiss (filing 10) is granted. Judgment will be entered by separate document.

October 31, 2006.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge